# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

        Petitioner,

v.

MICHIGAN,

        Respondent.
_____/

Case Number: 2:19-CV-12451
HONORABLE GERSHWIN A. DRAIN

## ORDER TRANSFERRING SUCCESSIVE HABEAS CORPUS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

This is a habeas case under 28 U.S.C. § 2254. Petitioner David Angel Sifuentes, III (Petitioner) challenges his 2000 convictions for third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b), and furnishing alcohol to a minor, Mich. Comp. Laws § 436.1701(1), rendered in Midland County Circuit Court. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A).

## I. Background

In 2003, Petitioner filed a habeas corpus petition in the United States District

Court for the Western District of Michigan challenging the same convictions challenged in this petition. The petition was denied with prejudice. *See Sifuentes v. Prelesnik*, No. 1:03-637, 2006 WL 2347529 (W.D. Mich. Aug. 11, 2006). The United States Court of Appeals for the Sixth Circuit affirmed the district court's decision. *See Sifuentes v. Prelesnik*, No. 06-2463 (6th Cir. Jan. 28, 2008).

Petitioner filed the pending petition on August 17, 2019. He challenges his third-degree criminal sexual conduct and furnishing alcohol convictions on the grounds that he received ineffective assistance of trial and appellate counsel.

## II. Discussion

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016), *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010), citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).

2

Petitioner's first habeas corpus petition was denied on the merits. Therefore, the present petition is a successive petition requiring prior authorization from the Sixth Circuit Court of Appeals. When, as here, a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court ORDERS the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

                                        s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

Dated: September 12, 2019
      Detroit, Michigan

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on David Angel Sifuentes , #323819, 224 Gold Ave., NW, Grand Rapids, MI 49504 on September 12, 2019, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager