UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES,

    Petitioner,

v.

STATE OF MICHIGAN,

    Respondent.
_____/

Case No. 19-cv-12451

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

On August 19, 2019, David Angel Sifuentes petitioned for a writ of habeas corpus and raised various issues, including denial of due process, ineffective assistance of counsel, and newly discovered evidence. *See* ECF No. 1. Sifuentes was not incarcerated at the time he filed his habeas petition. *See id.* at PageID.1. On September 12, 2019, this Court determined that Sifuentes' habeas petition was successive, as his first habeas petition was denied on the merits in 2003. ECF No. 3, PageID.21-22. Because successive petitions require the petitioner to obtain leave from an appellate court before filing it with the district court, this Court transferred the case to the Sixth Circuit to determine whether Sifuentes had authorization to file a successive petition. *Id.* On March 26, 2020, the Sixth Circuit dismissed Sifuentes' motion for authorization to file the successive petition because he did not meet the "in custody" requirement for a habeas petition. ECF No. 4, PageID.27-28.

1

Presently before the Court is Sifuentes' Motion for Relief from Judgment, filed on April 7, 2020.  ECF No. 5.  After the Sixth Circuit's dismissal, Sifuentes still seeks to pursue his habeas claims, but now as civil rights claims under 42 U.S.C. § 1983.  *Id.* at PageID.29.  Sifuentes filed a Supplemental and Amended Motion for Relief from Judgment three days later.  ECF No. 6.  Sifuentes subsequently filed a Notice and Motion for Voluntary Dismissal on October 2, 2020.  ECF Nos. 8, 9.  He filed an Amended Notice of Voluntary Dismissal three days later.  ECF No. 10.  However, Sifuentes then filed a Motion to Strike his Motions and Notice of Voluntary Dismissal on October 25, 2020.  ECF No. 11.

Amidst a complicated procedural history, the resolution of Sifuentes' case is simple: this Court lacks jurisdiction to hear Sifuentes' petition.  Sifuentes was not incarcerated when he first filed his habeas petition in this Court, and his circumstances did not change upon the transfer of his motion to the Sixth Circuit.  The Sixth Circuit found that it did not have jurisdiction to hear Sifuentes' motion because he was not "in custody" for habeas purposes.  ECF No. 4, PageID.28.  This Court therefore lacks jurisdiction to consider Sifuentes' arguments that arise in his habeas petition—even if he now attempts to recharacterize them as § 1983 claims. *See White v. Carter*, 27 F. App'x 312, 313 (6th Cir. 2001) ("A district court is not authorized to consider a second or successive petition for writ of habeas corpus, when the first habeas petition is decided on the merits, unless [the appellate court]

grants the petitioner leave to file the second or successive petition."). Here, this Court is not authorized to consider Sifuentes' petition, or the arguments contained within it, because the Sixth Circuit has denied Sifuentes leave to file his successive petition.

Accordingly, this Court will **DISMISS** Sifuentes' case for lack of jurisdiction. This will render his outstanding motions [#5, 6, 8, 11] **MOOT**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager